**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TIERNEY EPPINGER, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 26-cv-07746 |
| BOARD OF EDUCATION OF WAUKEGAN COMMUNITY UNIT SCHOOL DISTRICT 60 and WAUKEGAN COMMUNITY UNIT SCHOOL DISTRICT 60, | ) | Judge John J. Tharp, Jr. |
| Defendants. | ) | |

**ORDER**

The defendants' combined motion to dismiss in part and motion to strike [8] is granted in part and denied in part. The complaint is dismissed with prejudice as to defendant Waukegan Community Unit School District 60. The motion to strike factual allegations regarding events in 2013-14 is denied.

**STATEMENT**

The plaintiff, Tierney Eppinger, alleges that the defendants rescinded an offer of employment as an assistant principal because she has a disability and takes occasional paid or unpaid medical leave relating to her disability. In so doing, Tierney alleges, the defendants violated the Rehabilitation Act, the Americans with Disabilities Act and Americans with Disabilities Act Amendments, the Family and Medical Leave Act, and the Age Discrimination in Employment Act.

Eppinger has worked in the Lake County schools for 24 years; she has a Doctor of Education (Ed.D.) in Educational Leadership, a Master of Science in Education Leadership (M.S.), a Master of Education (M.Ed.), and a Bachelor of Science in Education (B.S.), and she has maintained the certifications required to serve as both a teacher and school administrator. Eppinger has been diagnosed with Major Depression with psychotic features, and she periodically takes medical leave "for flare-ups of her disability." Compl. ¶ 9, ECF No. 1. Her first two leaves of absence occurred from May 20, 2011 through July 11, 2011 and September 16, 2013 through December 13, 2013. In 2013, Eppinger had been employed as a principal, but after taking leave, she was informed that her position had been filled by an interim appointee and that the position would be posted as open for the next school year. *Id.* ¶ 14. Since that time, Eppinger has not held a position as an administrator. *Id.* ¶ 15.

In June 2025, Eppinger applied for, and was offered, a position as an assistant principal at a Lake County school. In July 2025, the offer was rescinded because the defendants "did not realize

it was Plaintiff who had been selected for the position." *Id.* ¶¶ 17-18. Theis 2025 event forms the basis of Eppinger's claims of retaliation and discrimination.

The defendants have moved to partially dismiss the complaint on the ground that, unlike the Board of Education (the "Board"), Waukegan Community Unit School District 60 (the "District") is not a legal entity that can sue and be sued. Under Federal Rule of Civil Procedure 17(b)(3), for parties other than individuals or corporations, "the law of the state where the court is located" governs the capacity to sue or be sued. *See DeGenova v. Sheriff of Dupage Cnty.*, 209 F.3d 973, 976 n.2 (7th Cir. 2000).

Here the defendants cite 105 ILCS 5/10-2, which provides: "The directors of each [school] district shall be a body politic and corporate, by the name of "school directors of district No. ......., county of ....... and State of Illinois," and by that name may sue and be sued in all courts and places where judicial proceedings are had." A board of education is equivalent to the "school directors" of a district and is a suable entity. *See Veazey v. Bd. of Educ. of Rich Twp. High Sch. Dist. 227*, 59 N.E.3d 857, 865 (Ill. App. Ct. 2016) (citing 105 ILCS 5/10-2, "a board of education has the power under the School Code to sue and be sued in court proceedings").

The defendants are correct that the District is not an entity subject to suit. *See Veazey*, 59 N.E.2d at 865 ("a school district lacks the capacity to sue on its own behalf unless specifically permitted by a companion statute"); *Bd. of Educ. of Bremen High Sch. Dist. No. 228 v. Mitchell*, 899 N.E.2d 1160, 1163 (Ill App. Ct. 2008). A school district is a geographical area, whereas a board of education is a group of people; the board "furnishes the method and machinery for the government and management of the district." *Mitchell*, 899 N.E.2d at 1163 (quoting *Bd. Of Educ. of District No. 88 v. Home Real Estate Improvement Corp.*, 38 N.E.2d 17, 20 (Ill. 1941).

Eppinger opposes dismissal of the District, but her arguments are unavailing. She correctly notes that a district is not just a geographical area but a "quasi-municipal corporation" but she does not explain why it follows that it therefore "can be sued." Resp. Br., ECF No. 13 at 2. She goes as far as to say that "[a] quasi-municipal corporation is a unit of local government which can be sued if there is a statute which allows the lawsuit," *id*. at 3, but she then fails to identify any such statute. She also does not confront or distinguish the defendants' authorities.

The remainder of Eppinger's arguments are non-sequiturs. She contends that she is entitled to sue both the Board and the District because they are her "joint or integrated employer." But the joint employer doctrine is about who is responsible for discrimination, not who is subject to suit as a matter of state law. (She also does not support her assertion that the District employed her in any capacity.) Next, Eppinger argues that the District does not benefit from state sovereign immunity. This again has nothing to do with whether the District has the capacity to be sued. Under Illinois law, it does not.

Therefore, the motion to dismiss is granted with respect to the District.

Next, the defendants move to strike the allegations in Eppinger's complaint that relate to her replacement as principal in 2013 while she was on leave and the posting of the position in 2014. According to the defendants, the plaintiff attempts to base her FMLA claim in part on these allegations, which "are time-barred and therefore irrelevant and immaterial." Mot., ECF No. 8 at 4. In her response, Eppinger clarifies that the basis of all her claims is the rescinding of her employment offer in July 2025, but she argues that her previous medical leaves are relevant. The

defendants, however, take the clarification as a concession that the allegations about 2013-2014 are immaterial and irrelevant.

The defendants' arguments are not well-taken. Federal Rule of Civil Procedure 12(f) allows the court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Nevertheless, motions to strike pleadings (or portions thereof) are disfavored. *Cumis Ins. Soc., Inc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997).

Here, striking the allegations relating to Eppinger's medical leave in 2013 and the appointment of a substitute and opening of her position to other applicants for the next year is unwarranted. These allegations are not "immaterial" or "irrelevant" to the claims of discrimination and retaliation in 2025, despite the passage of time. Evidence of incidents outside of the statutory period for suit can nevertheless be relevant to proving timely claims. As the Supreme Court has explained: "The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

Eppinger was continuously employed in the Lake County schools in the interim. As she explains, the alleged retaliation took place in 2025, but she claims that it was based on her history (dating back to 2011) of taking medical leave for her disability. Resp., ECF No. 13 at 5. Further, as Eppinger explains, her history of leave "made the Defendants aware [that] Plaintiff was using her FMLA rights and made the Defendants aware of her disability." *Id.* at 6. Eppinger's background, most notably the history of disability-related medical leave, is not irrelevant to her timely claims of discrimination and retaliation—at least as far as the Court can determine at the pleading stage, anyway.

The Court further notes that Eppinger's allegations that she was evicted from her position as principal during her 2013 medical leave and then never accepted for an administrator position thereafter (as she continued regularly using leave) lend some plausibility to her claims of discrimination. A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The facts were therefore not "immaterial," let alone redundant, impertinent, or scandalous.

The motion to strike is denied.

Date: October 23, 2026

John J. Tharp, Jr.
United States District Judge